So we are here in United States v. Gerasi. Am I pronouncing that right? Gerasi. Now, counsel, before we proceed, we are aware that many of the filings in this case were marked confidential and under seal. This is obviously an open court. Are both parties at this time comfortable proceeding in open court? Do we believe we can do it at a high enough level that I don't need to clear the court? Both parties agree? Yes, Your Honor. We'll be awaiting the hearing. Okay. Then we will first hear from Mr. Iancalunas. Did I get that right? Yes, Your Honor. Okay. And my understanding is that you reserved three minutes. Yes. In the name of the court, I'm Iancalunas for the promise of the hearing to Gerasi. Two fundamental problems, as we see it, with respect to the Judge Knopfler's ruling. Number one, the court proceeded under the assumption that the audits act provides authority without any restriction under the Hanging Adjunction Act, which is incorrect. Also, the court proceeded in secret, and we think that's troubling. Not just troubling, I think it's incorrect. But first of all, with regard to the audits act, as the court indicated in the Shuffman case, both stages need to be read in canon. They were enacted on the same date. They were amended on the same date. The judge, Judge Sinatra, ruled on the basis of the paper materials case, which I understand is, of course, an important case. But the judge proceeds as if it provides a blanket that states that the Antitrust Act is never a restriction on the government's debt. But the problem with that, Judge, is that it wouldn't account for this court's decision to make the U.S. v. Shuffman case, which is a 2013 case in which the government was the movement, and the court rejected the application for adjunction. In that case, the court made clear that the government may not satisfy any native jurisdiction exception under the statute. The court made it clear that nobody had the benefit of that exception. The government had shown that the state court was proceeding with a well-founded in-ground claim, which is not the case here. The state court case is a defamation case. My client's been indicted. I recognize that. But a leader case does not rely on a blanket rule of the court. The judge did not have a rule of mind. I'm sorry. Are you asking us to develop a per se rule that the Anti-Injunction Act does not apply to the United States unless it involves a res? No, I'm not, Judge. No. What I'm saying, though, is that all we're saying is it does not provide a blanket authority to ignore the United Nations. That's how judges are not represented for a rule of this manner. And that can't be right. Because, as I've indicated, a leader-made case involved national interests. I think there's a limitation in that respect. A leader-made case involved the need to defend federal interest in the state court proceeding. Is there a federal interest in making sure that witnesses aren't intimidated? If, in fact, we knew that they were to be made a judge, we don't know that. And that's one of our fundamental problems with this case. The government has presented the media aggregation as part of it. As far as we know, talking about potential intimidation of witnesses while talking about potential abuse of discovery, well, we've never been prized of those facts. The government has the absolute word to make a particularized showing of the need for the injunction. We have an obligation – I'm sorry, Judge – we have a certain right to challenge that showing. So, to this day, I have no idea what they presented to Judge Snyder. And a civil claim is a property of this. It may not be the most interesting case in the world, granted, but it's still a civil claim. If you're the man that protects that property, Chris, the plaintiff – I don't know, the attorney – If you can sue somebody on the ground that they provided information to the FBI to your detriment, wouldn't that have an intimidating effect? I mean, it's not very nice to be sued, and it's pretty expensive to defend. So wouldn't it naturally have an intimidating effect? If you – the court – I'm not talking about this court. I'm talking about Judge Snyder. And certainly the federal government has prejudged the merit of that claim. The court – the federal government has prejudged our client's criminal liability. That's why it's such an important burden on the federal government's part to demonstrate the need for this injunction. I understand that the claim – Well, if the need for it entails the government's present thinking about possible criminal proceedings and how it might be proven, why wouldn't it be appropriate for that to be presented to the district court in Calgary? Because we still have no opportunity to challenge what's being presented, and that's a fundamental right. I mean, it's recognized as a due process right. I understand, Judge, that the government has taken the position that there is potential – a key word is potential – potential for you to do discovery in the state court case to aid the defense in the criminal case. But you may think that's true. It could very well be true. But we're entitled to know. We're entitled to challenge it, and we haven't had that opportunity. And that's really – there's two fundamental problems with this case, and I'll reiterate them. Number one, no, I'm not saying there's a blanket rule contrary provided for the inability to use the antitrust – I'm sorry, the August statute. But the court has to recognize there's a limitation. Otherwise, there's no way to account for the insurement case. That was the movement. The motion was denied. If there's a general rule – Are you offering us a limitation, though, sir? Like, what is the limitation? Like, how do we know when the line is between the federal government seeking a tactical advantage or attempting to protect an investigation of witnesses? Well – Because presumably a showing was made to the district court, and the district court was persuaded. So where's the line for us as a matter of law to say the district court messed up? There's some showing that, using the language of both the August Act and the language of the exception language of the injunction, that in some manner this application is required to aid the court's jurisdiction. Presumably that means the court's jurisdiction in criminal matter, the federal court's jurisdiction in criminal matter. And I'm seeing, Judge, it might be right. But I still don't know exactly to this moment what was presented, and I think that's incorrect. It's unconstitutional. And we have the right to confront witnesses. We have the right to confront adverse information. We haven't had that opportunity. Right, but the tie is not what you can't confront here. It's a question of whether or not you have to put on hold a civil defamation act in another matter. I mean, there's a difference between not knowing when someone is being charged what they're being charged of. In this instance, the government was seeking to have a civil case stop until the criminal case proceeded. Isn't that a little bit different than not knowing how to defend yourself in a criminal case, which is what the analogy that I'm hearing you appeal to? So it turns out that I'm taking it incorrectly. Not knowing what's being used to prevent the progress of a civil case is just as problematic. A civil case is amending a property. I'm absolutely sure of that. It may not be the most, as I said, it may not be the most exciting thing in the world, but this court, Judge Sinatra, nor the government should prejudge the merit of that case. And that's what I think is not going on. Also, frankly, there's that prejudgment of our client's criminal liability. Granted, it's a serious charge, but it doesn't mean it's a civil case. We're good? Okay, thank you. We'll hear from you on the phone. Ms. Gregory. Good morning. May I please report and talk to Ms. Gregory representing the United States? The district court acted within its discretion when it accepted the motion ex parte and when it issued the temporary injunction barring state court action. The All Rights Act allows for this kind of injunction. It's a statute that fills the gap, according to the Supreme Court, where other statutes would be inadequate. Well, saying it fills the gap indicates that you're relying on something in a statute that isn't there. Yes, and here the alternative statute that we put forward and we discussed with Judge Sinatra and analyzed is 18 U.S.C. 1514, which allows for the remedy the government was seeking, which is to enjoin a state court action to prevent threats and intimidation. However, the method by which that statute requires that leave requires a hearing, and based on the nature of the materials that the government was using, and Judge Sinatra pointed out this included grand jury materials, that simply wasn't an option given the rules around grand jury secrecy. The All Rights Act has to be in aid of the court's jurisdiction. What is this in aid of? I mean, if there's no case yet, if there was no case yet, what jurisdiction could the All Rights Act invocation here be in aid of? Well, there was jurisdiction over the superseding indictment as a criminal case, and there is a protective order in place. So the superseding indictment had been filed. So the civil action was filed before Mr. Durace convened the superseding indictment. The question is, at the time that the injunction was issued, what was it in aid of? What proceeding was it in aid of? The ongoing criminal case. I'm sorry, the what? I'm sorry, the ongoing criminal case. Okay, there had been, so the indictment had been filed. Correct. An indictment had been filed, and I think we all know the exact timeline in our brief, Your Honor. Yeah. Well, that's not, the date's off hand, but what happened was there was an additional indictment with some of the other co-conspirators. Mr. Durace was an unnamed co-conspirator. This action was initiated, not that he was unnamed as a co-conspirator in that indictment, and the government moved it to April of 2021 to enjoin the state court action. So it's in aid of a proceeding that had been initiated, and even though it did not name Mr. Durace, anyone could conclude that he was an unindicted co-conspirator. Yes, and it's, and it's, although they were briefed when they did some other actions, it had taken place as a speaking of evidence of Mr. Durace's unknowns that he would have been in a warehouse. Counsel, I'm sorry. Mr. Durace is added to the second suit proceeding indictment in February of 2021, and the motion for an injunction is April of 2021. Is that right? That sounds correct, Your Honor. All right, so at the time the civil action is filed, Mr. Durace has not been named in an indictment, but the argument is it's apparent that he's a target of the investigation or a subject of interest, whereas by the time the motion for an injunction is filed, he has, in fact, been named in the indictment. That's correct, Your Honor. Okay. So the Albright Act allowed for this temporary, excuse me, I want to emphasize temporary injunction. Just until the end of the external proceeding, and as of right now, this is currently scheduled for trial in June of this year. The injunction was necessary for all of the reasons outlined in Judge Sinatra's opinion, generally speaking, being avoiding threats and intimidation of potential witnesses, generally being protection of grand jury secrecy, and, of course, potential abuse of criminal discovery process. And as Judge Sinatra noted in his order, if Mr. Durace is entitled to any of these materials, he'll get them according to the scheduling order the district has put out, as well as the protective order that's currently in place. And finally, it was necessary to use ex parte again because of the nature of the materials that the government attached to the motion. Ex parte violence are permitted by the federal rule if they're contemplated, and in this case, Judge Sinatra allowed an avenue for Mr. Durace to challenge the order that he issued, which Mr. Durace demanded of Emily the third time that the order was renewed. So one of the things that I'm troubled with is that two unusual things, two things that one would hope would be rare, happened at the same time. I mean, one is ex parte paper being filed, and then the other was the injunction of a state court. Now, do we have any cases in which both of those rather unusual or extraordinary or rare things happened together? Like, I didn't find one. I have also not been able to find any. I don't believe Judge Sinatra was either. There is a somewhat similar case where they were talking about the ex ante, the executive order. So you have, like, two powerful tools being done together. Where are the limits on what the government can do in this instance? How do we prevent abuse? Well, the standard for Judge Sinatra's actions is abuse of discretion. So the question is, we have to look, again, at this holistically, I think, because if the nature of the material that the government had to attach and offer to Judge Sinatra were not what they were, did not involve brand-new materials and other materials, perhaps it may not have been necessary to go ex parte, and perhaps Judge Sinatra may not have allowed it to be filed ex parte. If this were not such an unusual and extraordinary action to, four years after the alleged conduct, file a civil suit against people that this jury is going to use to be witnesses and all of the pieces of evidence in the memory, perhaps the injunction may not have been necessary. It's a very unusual case. I will surely greater honor that. But that's why I think the standard here on both counts, the ex parte aspect and the injunction aspect, is abuse of discretion. So what were the alternatives here? What did the government offer? What was attached to the government? What are the rules regarding grand jury secrecy? And was this an abuse of Judge Sinatra's discretion? I submit that it is not. Unless the panel has any further questions, we ask that you affirm this report's decision in order. Thank you. Thank you. Just one brief comment, Your Honors. You asked if there is a first-degree rule the court is asking me to argue about. I think what the court would have to do in order to affirm Judge Sinatra's ruling is to change the first-degree rule that exists in the Sherman case. The first-degree rule would be, in order to use the in-native jurisdiction exception, the government has to be talking about some kind of state court proceeding where the government is paying rent makers for being in front of them. And that's not super not the case here. The court in that case specifically said that if the state court gave you merely a personam proceeding, a case where liability is at stake, then that doesn't consist of in-native jurisdiction. And again, in-native jurisdiction, there's been an indictment. There isn't a case proceeding yet. But let's support it. Is there any other questions you may have? Thank you very much. Thank you so much. We'll take it under advisement.